```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CREIGHTON E. MILLER,         :    CONSOLIDATED UNDER
(Administrator for Estate of :    MDL 875
Steve Oswald)                :
                             :
     Plaintiff,              :
                             :
                             :
     v.                      :
                             :
                             :
A-C PRODUCT LIABILITY TRUST, :
et al.,                      :
                             :    E.D. Pa. Civil Action No.
     Defendants.             :    2:11-cv-33109-ER
```

**O R D E R**

**AND NOW**, this **19th** day of **October, 2015**, upon consideration of Defendants'[1] Motion for Summary Judgment (Judicial Estoppel) (ECF No. 79), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

    (1)    The motions are **DENIED** as to the arguments related to judicial estoppel; and

    (2)    The motions are **DENIED without prejudice** as to

---

[1] These Defendants are: (1) Central Gulf Lines Steamship; (2) Central Gulf Lines, Inc.; (3) United Fruit Company; (4) American Export Isbrandtsen Lines, Inc.; (5) American Export Lines, Inc.; (6) American South African Lines, Inc.; (7) Farrell Lines Incorporated; (8) Keystone Shipping Co.; (9) Keystone Tankship Corporation; (10) Marine Transport Lines, Inc.; and (11) James River Transport Inc. (ECF No. 79-1.)

        the arguments related to the real party in interest/standing.

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and file said copy on the docket of Plaintiff's bankruptcy case in the Bankruptcy Court for the Middle District of Florida (No. 8:96-bk-03917-ALP); (b) ascertain the identity of the trustee; and (c) serve a copy of said order and memorandum upon the trustee at his/her last known address;

(2) The trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and (b) certifying his/her intention to either be substituted as party-plaintiff in the instant case or to serve notice in the bankruptcy action of his/her abandonment of the asbestos claims;

(3) Once the trustee has petitioned the Bankruptcy

        Court to reopen the bankruptcy proceedings, and until a motion for substitution as party-plaintiff has been filed by the trustee or, alternatively, notice of abandonment has been served in the bankruptcy action, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen, and (b) certifying his/her continuing intention to pursue the instant case or abandon the asbestos claims;

(4) If the bankruptcy proceedings are reopened, the trustee will have thirty (30) days from the date of the bankruptcy court's order reopening those proceedings to move in the instant case to be substituted as party-plaintiff or, alternatively, to serve notice of abandonment of those claims in the bankruptcy action;

(5) In the event that the trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Plaintiff's bankruptcy proceedings and intends to proceed with the instant claims or

3

abandon them, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be substituted as party-plaintiff in the instant case or serve notice of abandonment within thirty days of the Bankruptcy Court's reopening of the bankruptcy case: the Court will give Plaintiff an additional thirty (30) days[2] to provide this Court with notice that it intends to petition the Bankruptcy Court for the Middle District of Florida to reopen the bankruptcy proceedings and move in that court to compel abandonment of the instant claims.

**AND IT IS SO ORDERED.**

_s/ Eduardo C. Robreno_
**EDUARDO C. ROBRENO,    J.**

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).